### ELEANOR BRANHAM *v.* J. W. LONG.

[Abstract Kentucky Law Reporter, Vol. 6—451.]

**Notice of Vendor's Lien.**

> Where a vendor's lien is reserved in a deed and a note taken for the balance due so secured by the lien and the deed is recorded it is notice to a purchaser of the land that the vendor's lien exists and the fact that a part of the balance of purchase money secured by such lien has been paid and a renewal note taken for the remainder of the debt will not destroy such lien.

APPEAL FROM CLINTON CIRCUIT COURT.

October 4, 1884.

OPINION BY JUDGE HINES:

This was a proceeding to enforce a lien for the purchase money for land. The court below gave judgment on one of the notes for $195.65 and decreed a sale of the land to satisfy the judgment.

It is complained on appeal that it was error to adjudge that there was a lien as against appellant who had purchased the land at decretal sale without notice of the existence of such a lien, and further that the court erred in finding appellee to be the owner of the note. The evidence shows that the note on which judgment was rendered was a renewal of a part of the one of the purchase-

money notes, and the deed exhibited shows the amount of the deferred payments, without any release of lien, which was sufficient notice to appellant that the purchase price had not been paid.

As to the question of the ownership of the note it appears to us that nothing more can be said than that the evidence conclusively shows the ownership to be in appellee. It is also complained that the court gave judgment for ten per centum interest when the original purchase-money notes bore only six per cent. The judgment gives only six per cent.

Judgment *affirmed.*

Judge Lewis not sitting.

*J. A. Brent, for appellant.*